07/09/2010  14:52   63096186          TRAVELERS INSURAN                PAGE  04
Jul. 2. 2010  5:00PM  14309618982                            No. 1791  P. 4/11

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS

STATE OF MISSOURI

| | |
|---|---|
| CASSANDRA K. FULLER, and<br>K▓▓▓▓▓ T. F▓▓▓▓, | )<br>)<br>) |
| Plaintiffs, | )<br>) Cause No. 10SL-CC02296 |
| v. | )<br>) Div. No. 13 |
| CITY OF JENNINGS and<br>D. HAUCK, DSN 605, | )<br>)<br>) |
| Defendants. | ) |
| SERVE: City of Jennings, Mayor, City<br>Clerk or Managing Agent in Charge<br>5445 Jennings Road<br>Jennings, Missouri 63136 | )<br>)<br>)<br>) |
| SERVE: D. Hauck<br>Jennings Police Department<br>5445 Jennings Road<br>Jennings, Missouri 63136 | )<br>)<br>)<br>) |

### PETITION

### COUNT I

**COMES NOW** Plaintiff Cassandra K. Fuller and for Count I of her Petition against Defendants states as follows:

1. Plaintiff Cassandra K. Fuller is, and was at relevant times, a resident and citizen of the City of Jennings in St. Louis County, Missouri.

2. Plaintiff K▓▓▓▓ T. F▓▓▓, a minor, is the daughter of Plaintiff Cassandra K. Fuller and she also is a citizen and resident of the City of Jennings, St. Louis County, Missouri.

3. Defendant City of Jennings is a city or municipal corporation of the State of Missouri which employs the Jennings Police Department and provides law enforcement and police services.

4. Defendant D. Hauck was at all relevant times a police officer with the Jennings Police Department having DSN/Badge Number 605.

5. Defendant Officer Hauck was at all relevant times acting under the color of law as a uniformed officer of the Jennings Police Department.

6. Plaintiffs were at their residence on Center Avenue in Jennings, Missouri on the night of June 9, 2009 when they were disturbed by the sound of an automobile crashing into parked or stationary vehicles on Center Avenue.

7. Defendant Officer Hauck arrived with another officer from the Jennings Police Department, announced that he was in charge, and directed Plaintiff Cassandra K. Fuller and other neighbors who had gathered to return to their respective homes.

8. Defendant Officer Hauck, without provocation, just or probable cause, or warning, struck Plaintiff Cassandra K. Fuller in the face, forehead and eye; he put her in a type of headlock or choke hold; he brought her to the ground; he pulled her arms behind her back and handcuffed her; he kicked her; he pinned her to the ground with his foot and knee in her back; he pulled her from the ground and towards a police car; all the while cursing her and yelling that he was arresting her.

9. Plaintiff K█████ T. F████ then █ years old, pleaded with Defendant Officer Hauck to leave her mother alone, and Officer Hauck kicked her in the chest.

10. Plaintiff Cassandra K. Fuller suffered great physical pain when she was struck and beaten by Defendant Officer Hauck; she sustained serious personal injuries as a result of his beating; she was afraid for herself and her daughter and suffered extreme emotional distress when Officer

2

Hauck kicked her daughter; she was afraid that she and her daughter might be seriously injured or killed when officer Hauck ordered the other police officer to assault them with a chemical mace spray or a taser; Plaintiff Cassandra K. Fuller suffered shame and humiliation when she was beaten, thrown to the ground, handcuffed, arrested and pinned to the ground by Defendant Officer Hauck in front of her neighbors, the other police officer and the individual driving the car; she was extremely fearful that she would be taken away from her home and family in the police car to a place where she would receive additional abuse.

11. Plaintiff K▇▇▇ T. F▇▇ also suffered great physical pain when she was kicked by Defendant Hauck and suffered additional and extreme emotional distress when she witnessed the beating of her mother and saw her mother being carried off in handcuffs.

12. There was at all relevant times, a statute to the effect, 42 U.S.C. §1983 et seq, which reads in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution, and laws, shall be liable to the party injured in an action at law . . . for redress . . .

42 U.S.C. §1983.

13. Defendant Officer D. Hauck deprived Plaintiff Cassandra K. Fuller of the rights, privileges or immunities secured by the Constitution and laws of the United States and Missouri in violation of that statute by beating her, handcuffing her and placing her under arrest without justification, excuse or probable cause that she had engaged in any illegal or dangerous activity or that she was likely to engage in any illegal or dangerous activity.

3

14. Defendant City of Jennings also deprived Plaintiff of the rights, privileges or immunities secured for her by the Constitution and laws of the United States and the State of Missouri in violation of that statute in one or more of the following respects in that it failed to provide training and instruction to its police officers, including Defendant Officer D. Hauck so that an officer would not curse, physically assault, detain, handcuff, or arrest individuals such as Plaintiff under the circumstances which existed in front of Plaintiffs' home on the evening of June 9, 2009; and/or failed to provide training or instruction to police officers, including the officer or officers who accompanied Defendant Officer Hauck, so they would have the skill and knowledge to intervene and prevent Defendant Officer Hauck from abusing the citizens of Jennings and violating their rights as alleged above.

15. As the direct and proximate result of the violation of Section 1983 as set out above, Plaintiff suffered the physical injuries and mental and emotional distress described above and has received medical care, examination and treatment at great expense and has, to an extent, lost the ability to work, earn and enjoy life.

WHEREFORE, Plaintiff Cassandra K. Fuller prays for judgment in her favor and against Defendant D. Hauck and/or against Defendant City of Jennings for her actual damages in excess of $25,000, nominal or statutory damages, her reasonable attorneys' fees, and her costs.

## COUNT II

COMES NOW Plaintiff K―― T. F――, a minor, by and through her mother and next friend Cassandra K. Fuller, and for Count II of her Petition against Defendants states as follows:

4

1-12.   Plaintiff repeats, realleges and incorporates by reference here paragraphs 1 through 15 of Count I of her Petition as paragraphs 1-12 of Count II of her Petition the same as if each is set out here word-for-word.

13.   Defendant Officer D. Hauck deprived Plaintiff K▮▮▮▮ T. F▮▮▮ of the rights, privileges or immunities secured by the Constitution, and laws, of the United States and the State of Missouri in violation of that statute by kicking her without justification, excuse, or probable cause that she had engaged in any criminal or dangerous activity or that she presented a risk of physical harm or injury to Officer Hauck, herself, or anyone else.

14.   Defendant City of Jennings also deprived Plaintiff of the rights, privileges or immunities secured for her by the Constitution and laws of the United States and the State of Missouri in violation of that statute in one or more of the following respects in that it failed to provide training and instruction to its police officers, including Defendant Officer D. Hauck so that an officer would not curse, physically assault, detain, handcuff, or arrest individuals such as Plaintiff under the circumstances which existed in front of Plaintiffs' home on the evening of June 9, 2009; and/or failed to provide training or instruction to police officers, including the officer or officers who accompanied Defendant Officer Hauck, so they would have the skill and knowledge to intervene and prevent Defendant Officer Hauck from abusing the citizens of Jennings and violating their rights as alleged above.

15.   As the direct and proximate result of the violation of Section 1983 as set out above, Plaintiff suffered the physical injuries and mental and emotional distress described above and has received medical care, examination and treatment at great expense and has, to an extent, lost the ability to work, earn and enjoy life.

5

07/09/2010  14:52    63096186                    TRAVELERS INSURAN                         PAGE  09
Jul. 2. 2010  5:01PM   16309618982                                            No. 1791   P.  9/11

WHEREFORE, Plaintiff K▬ T. F▬ prays for judgment in her favor and against Defendant D. Hauck and/or against Defendant City of Jennings for her actual damages in excess of $25,000, nominal or statutory damages, her reasonable attorneys' fees, and her costs.

THE PERRON LAW FIRM, P.C.

*/s/ Maria Perron*

MARTIN L. PERRON, #26783
MARIA V. PERRON, #31739
275 North Lindbergh Boulevard
St. Louis, MO 63141-7809
(314) 993-4261
(314) 993-3367 FAX
mlp@perronlaw.com
ATTORNEYS FOR PLAINTIFFS

6